

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Julian Montgomery
State Highway Engineer
Austin, Texas

Attention: Mr. E. M. Belcher

Dear Sir:  Opinion No. O-1754
Re: Will the status of workmen's
compensation insurance paid
to a widow be changed if she
marries again?

Your letter of December 13, requesting an
opinion from this department, wherein is submitted the
question of whether or not the status of workmen's com-
pensation insurance for State Highway Department em-
ployees, being paid to a widow of a deceased employee,
would be changed in any way were she to marry again,
has received our attention.

Section 8a of Article 8306, Vernon's Annotat-
ed Revised Civil Statutes, provides:

"The compensation provided for in the
foregoing section of this law shall be for
the sole and exclusive benefit of the surviv-
ing husband who has not for good cause and
for a period of three years prior thereto,
abandoned his wife at the time of the injury,
and of the wife who has not at the time of
the injury without good cause and for a per-
iod of three years prior thereto, abandoned
her husband, and of the minor children, par-
ents and stepmother, without regard to the
question of dependency, dependent grandparents,
dependent children and dependent brothers and
sisters of the deceased employe; and the amount
recovered thereunder shall not be liable for
the debts of the deceased nor the debts of the
beneficiary or beneficiaries and shall be dis-
tributed among the beneficiaries as may be
entitled to the same as hereinbefore provided
according to the laws of descent and distri-
bution of this State; provided the right in

MMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ...

721

such beneficiary or beneficiaries to recover compensation for death be determined by the facts that exist at the date of the death of the deceased and that said right be a complete, absolute and vested one. Such compensation shall not pass to the estate of the deceased to be administered upon, but shall be paid directly to said beneficiaries when the same are capable of taking, under the laws of this State, or to their guardian or next friend, in case of lunacy, infancy or other disqualifying cause of any beneficiary. The compensation provided for in this law shall be paid weekly to the beneficiaries herein specified, subject to the provisions of this law."

We find the foregoing statute adopted in Section 7 of H. B. 420, 45th Legislature, applicable to the State Highway Department and its provisions become a part of the law incorporated under Article 6674s, Vernon's Revised Civil Statutes of Texas.

The Article provides that compensation, as provided under this law is for the "sole and exclusive benefit" of the legal wife who has not <u>at the time of the injury</u> without good cause and for a period of three years prior thereto abandoned her husband and it will further be noted that this right to recover compensation for her husband's death is to be determined by the facts that exist at the date of the death of the deceased and that said right shall be a <u>complete, absolute and vested one.</u>

Generally, in those jurisdictions where remarriage affects the compensation payments, the beneficiaries' rights are based largely upon the question of "dependency" which is not analogous with the provisions of the Texas statutes. Our statutes do not contain any expressed prohibition against remarriage nor authorization for the Industrial Accident Board to change or modify any award of compensation upon the ground of remarriage.

In the case of Moore vs. Lumberman's Reciprocal Association, 258 S. W. 1051, the Commission of Appeals, Sec. B, in rendering the opinion, construed the statute quoted, holding that the beneficiary's right to compensation for death of an employee, which is payable inde-

pendently of the question of dependency, is a vested right which the statute vests in the beneficiaries named, and is a right transmissible to the heirs of the beneficiary, which right may be administered upon as part of the beneficiaries' estate by reason of the provision authorizing redemption of liability in lump sum settlement and the expressed language used in Section 8a, supra. We quote from the opinion as follows:

> "Since her right to the award and to the money awarded is in no way connected with or dependent on her dependency or poverty, and would have been hers notwithstanding she might have been living in luxury and been possessed of great wealth, what reason can be assigned for paying it to her as long as she lived, and then denying that the right to it ever vested in her? . . . The statute created a debt on the death of Pete Sanders owing by the association to Minnie Sanders. Being such, it became a vested right transmissible to the heirs of Minnie Sanders."

It is, therefore, the opinion of this department that the status of compensation being paid to a widow of a deceased employee under the provisions of Article 6674s, Vernon's Annotated Revised Civil Statutes, is not changed or affected by her remarriage.

Trusting the above answers your request, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     Wm. J. R. King
Assistant

WmK:jm     APPROVED DEC 21, 1939

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE